# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHITTRANJAN "CHUCK" THAKKAR and DCT SYSTEMS GROUP LLC, | )<br>)   Case No. . _____<br>)<br>) |
| Plaintiffs, | )   Removed from Superior Court<br>)   of Fulton County, Georgia |
| v. | )   Case No.: 2017cv294607<br>) |
| BAY POINT CAPITAL PARTNERS, LP, BAY POINT ADVISORS LLC, CHARLES ANDROS, JOHN DOE 1, and JOHN DOE 2, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## NOTICE OF REMOVAL

Defendants Bay Point Capital Partners LP ("Bay Point CP"), Bay Point Advisors ("Advisors"), and Charles Andros ("Mr. Andros", and collectively with Bay Point CP and Advisors, the "Served Defendants") hereby remove the above-captioned civil action, bearing File No. 2017cv294607 (the "Superior Court Action") from the Superior Court of Fulton County, Georgia, pursuant to 28 U.S.C. §§ 1441(b), 1446 and 1452. This Court has jurisdiction over the Superior Court Action pursuant to 28 U.S.C. § 1334. Specifically, the Court has jurisdiction because this action arises under and is related to a case pending under Title 11 of

the United States Code – the case is styled *In re: Bay Circle Properties LLC, et al.*, jointly administered under Case No. 15-58440-WLH, pending in the United States Bankruptcy Court for the Northern District of Georgia. In support of this Notice of Removal, the Served Defendants show the Court as follows:

**I.     Background.**

1.     On May 4, 2015, Bay Circle Properties LLC, DCT Systems Group LLC ("DCT"), Sugarloaf Centre LLC, Nilhan Developers LLC, and NRCT LLC (collectively, "Debtors") filed petitions for relief under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("Bankruptcy Court").

2.     Prior to filing their bankruptcy cases, Debtors were parties to a number of loan documents with Wells Fargo Bank, N.A. ("Wells Fargo"), pursuant to which Wells Fargo loaned money to Debtors and their affiliates, including Plaintiff Mr. Thakkar, and Debtors and their affiliates pledged certain collateral to secure the repayment thereof.

3.     After commencement of the bankruptcy cases, Debtors (and their non-debtor affiliates, including Mr. Thakkar) and Wells Fargo entered into that certain Settlement Agreement, which was approved by the Bankruptcy Court by an Order entered on January 13, 2016 (as amended, the "Settlement Agreement") (Dkt. 302).

2

In that Order, the Bankruptcy Court specifically reserved jurisdiction to enforce the terms of the Settlement Agreement. (*Id.*, ¶ 5.)

4. On March 24, 2016, Wells Fargo agreed to sell their loans with Debtors and their affiliates to Bay Point CP, pursuant to that certain Loan Purchase and Sale Agreement by and among Debtors, Bay Point CP, and certain of Debtors' affiliates, including the Plaintiff in this action. (Dkt. 343). In the Order approving the sale of the loans, the Bankruptcy Court retained jurisdiction to enforce the terms of the Loan Purchase and Sale Agreement. (Dkt. 355, ¶ 3.)

5. Accordingly, Bay Point CP is the current owner and holder of Wells Fargo's loans to Debtors and their affiliates.

6. On August 25, 2017, Plaintiff Mr. Thakkar commenced this civil action, asserting claims allegedly arising from the lending relationship with Wells Fargo (now owned by Bay Point CP). In particular, Plaintiff alleges that: (i) the Defendants breached their duty of good faith under the Settlement Agreement by exercising the rights and remedies afforded to Bay Point CP thereunder; (ii) the Defendants engaged in civil conspiracy by exercising their rights under the Settlement Agreement; (iii) that Defendants are estopped pursuant to the doctrine of promissory estoppel; (iv) that Defendants made negligent or fraudulent representations in connection with the Settlement Agreement and the purchase of

the loans from Wells Fargo; (v) that Defendants wrongfully foreclosed on the collateral securing the loans; and (vi) that Defendants are liable for fees, interest, and punitive damages. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit "1"**.

7. On September 13, 2017, Plaintiff Mr. Thakkar filed his First Amended Complaint, pursuant to which he amended his allegations and also added DCT as a plaintiff. A true and correct copy of the Verified First Amended Complaint ("Complaint") is also attached hereto within **Exhibit "1"**. As part of the amendment, Plaintiffs added a claim for conversion of DCT's personal property, allegedly arising after the foreclosure sale of certain of DCT's real property.

8. In short, the Complaint takes issue with Defendants' decisions to exercise their rights ***as specifically provided for in the Settlement Agreement***, and thus is a collateral attack on the Order approving the Settlement Agreement, the Order approving the Loan Purchase and Sale Agreement, and the other various Orders entered by the Bankruptcy Court based on the terms and conditions set forth in the Settlement Agreement.

9. Pursuant to 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title

4

11, or arising in or related to cases under title 11." This Court, in turn, is the appropriate venue for hearing such a case, pursuant to 28 U.S.C. § 157(a) and the standing order, *In re: Jurisdiction of the United States Bankruptcy Court Northern District of Georgia* (N.D. Ga. July 12, 1984), entered by the United States District Court for the Northern District of Georgia. In addition, the Court in which a bankruptcy case is pending has jurisdiction over all property of the debtor and estate, wherever located, including causes of action. 11 U.S.C. § 541; 28 U.S.C. § 1334(e).

10.     When a collateral lawsuit filed in state court requires the interpretation of a bankruptcy court order, that civil action is properly removed to the bankruptcy court. *See, e.g., Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("[T]he bankruptcy court plainly had jurisdiction to interpret and enforce its own prior orders . . . and it explicitly retained jurisdiction to enforce its injunctions."); *see also Fay v. FCA US LLC*, No. 16-cv-112-JDL, 2016 U.S. Dist. LEXIS 55176, **7-8 (D. Me. Apr. 26, 2016) (finding that removal was proper when the state court action required the interpretation of a bankruptcy court's sale order); *Dearden v. FCA U.S. LLC*, No 5:16-cv-00713, 2017 U.S. Dist. LEXIS 48751, *12 (E.D. Pa. March 31, 2017) (same); *Global Land, Inc. v. Mayor & Common Council of Peekskill*, 377 Fed. Appx. 43, 45 (2d Cir. N.Y. May 14, 2010) ("The

enforcement and interpretation of the Settlement Agreement were also sufficiently 'related to' bankruptcy proceedings to give rise to subject matter jurisdiction."). Moreover, a bankruptcy court's subsequent interpretation of a prior order resolving a core matter likewise presents a core matter. *Centennial & Allegheny Univ. Hospitals-East Tenet Healthsystem Phila., Inc. v. Nat'l Union of Hosp. & Health Care Emps., AFSCME, Dist. 1199C (In re Allegheny Health, Educ. and Research Found.)*, 383 F.3d 169, 176 (3d Cir. 2004) ("[W]e hold that the bankruptcy court correctly determined that the suit was a core proceeding because it required the court to interpret and give effect to its previous sale orders.").

11. The Complaint filed in the Superior Court Action necessarily requires the interpretation and enforcement of various Orders entered by the Bankruptcy Court, including issues over which the Bankruptcy Court expressly retained jurisdiction (such as the interpretation of the Settlement Agreement and the Loan Purchase and Sale Agreement). The allegations in the Complaint are based on Defendants' actions pursuant to, or connected with, the Settlement Agreement, including in certain instances where Defendants' actions were specifically presented to and approved in advance by the Bankruptcy Court in accordance with the terms and provisions of the Bankruptcy Court's earlier Orders. Moreover, DCT alleges that certain deeds-in-lieu granted to Defendants were executed

6

without the proper authority, which implicates and requires interpretation of the Settlement Agreement and Order approving the same. (Complaint, ¶ 34.) Accordingly, the Bankruptcy Court has jurisdiction over these claims as they present a core matter arising in a case under Title 11.

12. Alternatively, the Bankruptcy Court has jurisdiction over the Superior Court Action because it is "related to" a case under Title 11 – specifically, Debtors' cases. Indeed, District Courts have jurisdiction over all proceedings "related to cases under title 11." 28 U.S.C. § 1334(b). The "test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Lawrence v. Goldberg*, 573 F.3d 1265, 1270 (11th Cir. 2009). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action . . . and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* at 1270-71. Where the dispute could impact the amount of money in the estate, the dispute could conceivably have an effect on the estate and thus the bankruptcy court has subject matter jurisdiction. *Carter v. Rodgers*, 220 F.3d 1249, 1253-54 (11th Cir. 2000); *Reliable Air, Inc. v. Jape*, Case No. 05-85627-JEM, 2007 Bankr. LEXIS 3711, *4 (Bankr. N.D. Ga. Sept. 14, 2007) (finding "related to" jurisdiction where the

claims being pursued, if successful, would increase the funds in the bankruptcy estate).

13. Here, as the Bankruptcy Court knows, certain of the Debtors and non-debtor affiliates owe indemnity obligations to Bay Point CP, pursuant to the terms of the Settlement Agreement and the underlying loan documents. Debtor DCT has filed before the Bankruptcy Court a motion seeking to compel Bay Point CP to turnover certain deeds-in-lieu of foreclosure, which were granted to Bay Point CP pursuant to the Settlement Agreement. (Dkt. 700). Bay Point CP has objected to these motions on the basis that the deed-in-lieu from DCT secures the indemnity obligations owed to Bay Point CP. (Dkt. 722). In light of Bay Point CP's objection, the Debtors withdrew their motion on September 19, 2017 (Dkt. 756), therefore leaving Bay Point CP as the holder of the deed-in-lieu and security deed on DCT's real property, such property being security for, among other things, the indemnity obligations owed to Bay Point CP. Accordingly, the Superior Court Action has a tangible impact on Debtors' estates and thus is "related to" Debtors' bankruptcy cases. This Court therefore has jurisdiction over the Superior Court Action.

14. Moreover, in the Complaint, DCT alleges a conversion of its personal property and a wrongful foreclosure of its real property. (Complaint, ¶¶ 83- 99.) If

8

DCT is successful on these claims (which Defendants deny will happen), then Debtors' estates are implicated, as the bankruptcy estate would be the beneficiary if any amounts recovered pursuant to these allegations.

**II. This Notice of Removal is Timely and Properly Filed.**

15. Served Defendants were served with the Superior Court Action on September 22, 2017. Accordingly, this Notice of Removal is timely as it has been filed within 30 days after receipt by the Served Defendants of the Summons and Complaint. *See* 28 U.S.C. § 1446(b) and Federal Rule of Bankruptcy Procedure 9027(a)(3).

16. The United States Bankruptcy Court for the Northern District of Georgia is the proper place to file this Notice of Removal under 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027(a)(3), because the Superior Court Action is pending in Fulton County, Georgia, which sits in the Northern District of Georgia.

**III. All Defendants Consent.**

17. The Served Defendants, who are the only known parties, consent to this removal. *See Green v. Am. Online (AOL),* 318 F.3d 465, 470 (3d Cir. 2003) ("The general rule that all defendants must join in a notice of removal may be disregarded where, as here, the non-joining defendants are unknown.").

### IV. Notice to Adverse Parties and the Superior Court of Fulton County, Georgia.

18. A copy of this Notice of Removal has been sent to all adverse parties and will be promptly filed with the Clerk of the Superior Court, Fulton County, Georgia, to effect removal of the Superior Court Action to this Court pursuant to 28 U.S.C. §§ 1441(b), 1446, and 1452.

19. If any question arises as to the propriety of the removal of this action, the Served Defendants request an opportunity to submit a brief and oral argument and to conduct discovery in support of their position that removal is proper.

WHEREFORE, the Served Defendants respectfully remove this Civil Action.

Dated: September 27, 2017.

    */s/ Garrett A. Nail*
John F. Isbell
Georgia. Bar No. 384883
*john.isbell@thompsonhine.com*
Garrett A. Nail
Georgia Bar No. 997924
*garrett.nail@thompsonhine.com*
THOMPSON HINE LLP
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326
Telephone: 404-541-2900
Facsimile: 404-541-2905

*Counsel for Served Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the served the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and further certify that I have deposited a true and correct copy of the same in the U.S. First Class Mail with adequate postage affixed thereon to ensure proper delivery and addressed to the following counsel of record:

> Philip H. Weener
> Devin B. Phillips
> WEENER & NATHAN, LLP
> 5887 Glenridge Drive, N.E.
> Suite 275
> Atlanta, Georgia 30328

This 27th day of September 2017.

                                                */s/ Garrett A. Nail*
                                                Garrett A. Nail
                                                Georgia Bar No. 997924