# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CHITTRANJAN "CHUCK" THAKKAR and DCT SYSTEMS GROUP LLC, | ) ) ) ) | Chapter 11 |
| | ) | Adversary No.: 17-05248 |
| Plaintiffs, | ) ) | |
| | ) | Bankr. No.: 15-58440 |
| v. | ) ) | |
| | ) | Removed from Superior |
| BAY POINT CAPITAL PARTNERS, LP, BAY POINT ADVISORS LLC, CHARLES ANDROS, JOHN DOE 1, and JOHN DOE 2, | ) ) ) ) ) | Court, Fulton County Georgia Case No.: 2017cv294607 |
| Defendants. | ) ) | |
| _____ | ) | |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiffs' Response (Doc. No. 6, the "Response") to Defendants' Motion for Judgment on the Pleadings (Doc. No. 4, "MJP") fails to demonstrate that any of Plaintiffs' claims have merit. Thus, as requested in the MJP, the Court should summarily dismiss Plaintiffs' Complaint.[1] Rather than assert valid claims, Plaintiffs instead continue their campaign of harassment against the Defendants, through the filing of the Complaint and otherwise. In particular, Plaintiffs have

---

[1] Capitalized terms not defined herein shall have the same meaning given to those terms in the MJP.

now filed a *lis pendens* against the Property. Yet, Plaintiffs are seeking monetary damages, not a rescission of the foreclosure sale. Accordingly, Plaintiffs on the one hand impermissibly cloud Bay Point's property with the *lis pendens*, but on the other hand concede that they have no legitimate basis for doing so, as they are not seeking return of the Property. As the Court is painfully aware, this sort of gamesmanship on the part of Mr. Thakkar has permeated the Bankruptcy Case and has caused substantial unnecessary litigation and expense, including the instant Adversary Proceeding. The Court should dismiss this case and put a stop to Mr. Thakkar's antics.

## ARGUMENT AND CITATION TO AUTHORITY

A.  Plaintiffs have conceded dismissal on Counts Two, Three, and Four.

In the Response, Plaintiffs indicate that they will "file a voluntary dismissal of their claims for conspiracy, promissory estoppel, and misrepresentation (Counts Two, Three, and Four, respectively). (Response, p. 16.) As of the date hereof, however, Plaintiffs have not filed a voluntary dismissal of these claims. Nevertheless, by conceding that dismissal of these claims is appropriate in the Response, Plaintiffs have acquiesced to the dismissal of these claims.

  B. <u>There are no remaining claims against the individual defendants.</u>

As noted above, Plaintiffs have agreed that dismissal is proper with respect to the claims for conspiracy, promissory estoppel, and misrepresentation. The remaining causes of action do not state any claim for relief against the individual defendants (Mr. Andros, John Doe 1, and John Doe 2) and thus must also be dismissed. Indeed, the claim for wrongful foreclosure (which is not valid in any event) may be properly asserted against only Bay Point, which conducted the foreclosure sale. Similarly, Bay Point is alleged to have converted DCT's personal property and, therefore, the claim for conversion (which likewise lacks all merit) is only properly asserted against Bay Point. And, finally, none of the individual Defendants are parties to the Settlement Agreement or Loan Documents and thus cannot be the subject of a claim for alleged breach of good faith and fair dealing that is inherent *in contracts*. Accordingly, the individual defendants should be dismissed from this Adversary Proceeding.

  C. <u>Mr. Thakkar does not have standing to assert the remaining claims.</u>

Defendants argued in their MJP that Mr. Thakkar does not have standing to assert any of the claims. (MJP, pp. 21-25.) Plaintiffs do not respond to this argument in their Response, presumably because they have no basis for opposing Defendants' positions. Indeed, the remaining claims could only be asserted by

3

DCT, not Mr. Thakkar. Indeed, Plaintiffs' wrongful foreclosure claim relates to the foreclosure of DCT's purported property (though in reality Bay Point foreclosed on the Property after the Deeds in Lieu had been recorded and title transferred out of DCT's name), and Mr. Thakkar has no economic interest in the real property or DCT itself. Accordingly, he does not have standing. Likewise, the conversion claim relates to what is alleged to be DCT's personal property (although Mr. Thakkar appears to have committed perjury when he testified at the hearing on a Motion for Contempt that DCT's property did not remain at the Property), and thus Mr. Thakkar does not have standing to bring the conversion claim. Finally, the breach of the duty of good faith and fair dealing (for electing to record the deeds in lieu with respect to the Property) relates solely to DCT's purported property and, thus, again, Mr. Thakkar does not have standing to bring these claims. For these reasons, Mr. Thakkar should be dismissed as a Plaintiff in this action.[2]

D.  Plaintiffs' claims otherwise fail.

i.  *Res Judicata bars Plaintiffs' remaining claims.* As Defendants contended in the MJP, all of the facts and circumstances giving rise to Plaintiffs'

---

[2] As argued in the MJP, upon the dismissal of the substantive claims, the remaining claims for attorneys' fees, interest, and punitive damages must also be dismissed, as those claims are derivative of the substantive claims.

4

claims were presented to this Court on numerous occasions, litigated, and were the subject of this Court's findings and Orders. DCT is a party to the Bankruptcy Case, was represented by competent counsel, made the very same arguments that are asserted in the Complaint (*i.e.* that Bay Point's recording of the deeds in lieu was somehow improper), and lost at every turn. DCT contends that because the actual foreclosure sale had not yet occurred, its claim for wrongful foreclosure, conversion, and breach of good faith and fair dealing was not ripe. This argument is a red herring, meritless attempt at a second bite of the apple. These sorts of attempts are the very efforts the doctrine of *res judicata* prevents. Indeed, under Plaintiffs' approach, they could object to the proposed sale of property in bankruptcy, litigate the issue, lose, and then bring a second suit attacking the sale under a theory that "well, the sale had not yet occurred when we first lost, so we now have a second opportunity." The law prevents such blatant attempts to collaterally attack the prior, lawful rulings of this Court.

      ii.    *There is no independent claim for breach of good faith and fair dealing.* Plaintiffs next argue in their Response that – notwithstanding there is no independent claim for breach of good faith under Georgia law – they somehow still state a claim for relief. As Defendants demonstrated in the MJP, such a claim does not exist under Georgia law independent of a breach of contract claim. And, not

5

only does the Complaint not assert a claim for a breach of contract, it could not under the facts and circumstances alleged. *See Sheppard v. Bank of Am., N.A.,* 542 Fed Appx. 789, 793 (11th Cir. 2013) ("Having failed to allege a plausible claim for breach of contract, [Plaintiff] also failed to state a claim for breach of the implied covenant of good faith and fair dealing"). Indeed, "[a]bsent a specific, actionable breach of contract claim, Plaintiffs' claim for breach of the implied duty of good faith and fair dealing must fail." *Milon v. Bank of Am., N.A.*, No. 1:14-CV-01405-MHS-GGB, 2015 U.S. Dist. LEXIS 181666, at *29 (N.D. Ga. June 8, 2015). Plaintiffs do not and cannot allege that Bay Point acted outside of the express terms in the bargained for Settlement Agreement. To the contrary, Bay Point not only followed the letter of the Settlement Agreement and Loan Documents, Bay Point previewed for the Court the actions it intended to take and allowed for litigation *before* taking any such actions.[3]

---

[3] Plaintiffs also contend that the Settlement Agreement should be construed against Defendants "as the drafter." (Response, ¶ 20.) Plaintiffs apparently forget that the Settlement Agreement was a heavily negotiated agreement with all parties represented by counsel (in fact, Mr. Thakkar and DCT had separate counsel) and then was presented to this Court for approval. Any argument that Bay Point was somehow heavy handed in the drafting of the Settlement Agreement is directly contradicted by the circumstances surrounding the negotiation and execution of the Settlement Agreement and therefore should be summarily dismissed by the Court.

6

Moreover, tellingly absent from the Complaint and the Response is any allegation that Bay Point took some action that it was not expressly authorized to take under the terms of the Settlement Agreement. Instead, what appears to be the true crux of the Complaint is that Mr. Thakkar and DCT are unhappy with the bargain their struck – at arm's length and with Court approval – and now seek to undo that agreement. But the law does not countenance such efforts.[4]

   iii. *Plaintiffs failed to make a proper tender.* The Response next contends that DCT may assert a wrongful foreclosure claim because it made a tender of the amounts due and owing to Bay Point. The argument fails for several reasons. First, DCT no longer owned the Property at the time of the wrongful foreclosure sale and cites no authority for the proposition that it had standing to "redeem" the Property after the recording of the deeds in lieu. As Plaintiff, DCT has the burden of showing that the foreclosure was wrongful; but if DCT did not have a right to redeem the Property by satisfying the debt, it cannot now assert a wrongful foreclosure claim.

---

[4] While not before the Court in connection with the MJP, it should be noted that Plaintiffs have offered no legitimate proof as to the value of the Property. Instead, Plaintiffs merely speculate. But their speculation is contradicted by the fact that they were unable to procure a purchaser of the Property and were unable to procure refinancing to take-out Bay Point's debt. If the Property were truly worth what Plaintiffs allege, they should have easily been able to accomplish either a sale or refinancing. Neither occurred, thus confirming that Plaintiffs' assertion of values is simply wild speculation.

DCT's argument similarly fails because it never made a proper tender. The MJP sets out the standard under Georgia law for making a proper tender – the tendering party must actually present the funds to the creditor. (MJP, pp. 23-24.) Yet, DCT never did that. Instead, DCT alleges that the funds were held in escrow and that somehow satisfies the tender requirement. At the time, however, DCT never presented any proof to Bay Point that the funds were in escrow and never disclosed the terms upon which the funds would be released from escrow. Under these circumstances, Georgia law is clear – a proper tender did not take place. *See Davenport v. Bank of Am., N.A.*, Civil Action No. 1:13-CV-4025-AT, 2014 U.S. Dist. LEXIS 189332, *7-9 (N.D. Ga. Aug. 4, 2014).

Finally, DCT's argument fails because the tender was in an amount less than the credit bid at the foreclosure sale. Indeed, the Property ultimately sold for $2,825,000, yet the purported tender offered only $2,800,000. There was no obligation for Bay Point to accept the flawed tender when the foreclosure sale proposed a bid with a greater return to Bay Point.

## **CONCLUSION**

Plaintiffs' scant opposition to Defendants' Motion for Judgment on the Pleadings fails to overcome the required result in this case – a dismissal of the Complaint. Defendants request that the Court grant their Motion.

Dated: November 10, 2017.

        */s/ Garrett A. Nail*
        John F. Isbell
        Georgia. Bar No. 384883
        *john.isbell@thompsonhine.com*
        Garrett A. Nail
        Georgia Bar No. 997924
        *garrett.nail@thompsonhine.com*
        THOMPSON HINE LLP
        Two Alliance Center
        3560 Lenox Road, Suite 1600
        Atlanta, Georgia 30326
        Telephone: 404-541-2900
        Facsimile: 404-541-2905

        *Counsel for Served Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS with the Clerk of Court using the CM/ECF system and further certify that I have deposited a true and correct copy of the same in the U.S. First Class Mail with adequate postage affixed thereon to ensure proper delivery and addressed to the following counsel of record:

Philip H. Weener
Devin B. Phillips
**WEENER & NATHAN, LLP**
5887 Glenridge Drive, N.E.
Suite 275
Atlanta, Georgia 30328

This 10th day of November 2017.

> */s/ Garrett A. Nail*
> Garrett A. Nail
> Georgia Bar No. 997924

4840-0220-4244.2