IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **CHITTRANJAN "CHUCK" THAKKAR and DCT SYSTEMS GROUP, LLC,** | ) ) ) ) | **Chapter 11** |
| Plaintiffs, | ) ) | Adversary No.: **17-05248** |
| v. | ) ) | Bankruptcy No.: **15-58440** |
| **BAY POINT CAPITAL PARTNERS, LP, BAY POINT ADVISORS LLC, CHARLES ANDROS, JOHN DOE 1, and JOHN DOE 2,** | ) ) ) ) ) | Removed from Superior Court of Fulton County, Georgia Case No.: **2017CV294607** |
| Defendants. | ) ) | |

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 1: Identify the appellant(s)**

1.  Names of appellants:

    Chittranjan "Chuck" Thakkar and DCT Systems Group, LLC

2.  Position of appellants in the adversary proceeding or bankruptcy case that is the subject of this appeal:

    | For appeals in an adversary proceeding. | For appeals in a bankruptcy case and not in adversary proceeding. |
    |---|---|
    | ☒ Plaintiffs | ☐ Debtor |
    | ☐ Defendant | ☐ Creditor |
    | ☐ Other (describe) _____ | ☐ Trustee |
    | | ☐ Other (describe) _____ |

**Part 2: Identify the subject of this appeal**

1.  Describe the judgment, order, or decree appealed from:

    Order (Doc. 8) on Motion for Judgment on the Pleadings. A copy of Order attached hereto as **Exhibit "A".**

1

2.	State the date on which the judgment, order, or decree was entered: <u>January 12, 2018</u>

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

   Bay Point Capital Partners, LP, Bay Point Advisors LLC, and Charles Andros

| | |
|---|---|
| Attorneys: | John F. Isbell |
| | Garrett A. Nail |
| | Thompson Hine LLP |
| | Two Alliance Center |
| | 3560 Lenox Road, Suite 1600 |
| | Atlanta, Georgia 30326 |
| | Telephone: (404) 541-2900 |
| | <u>john.isbell@thompsonhine.com</u>; <u>garrett.nail@thompsonhine.com</u> |

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

   ☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Panel.

**Part 5: Sign below**

<u>/s/ Devin B. Phillips</u>                                                     Date: <u>1/23/2018</u>
DEVIN B. PHILLIPS
Georgia Bar No.: 189782
**Weener & Nathan LLP**
5887 Glenridge Drive, NE, Suite 275
Atlanta, Georgia 30328
Telephone: (770) 392-9004
Fax: (770) 522-9004
Email: <u>dphillips@wnllp.com</u>
*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing *Notice of Appeal and Statement of Election* with the Clerk of Court using this Court's CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

John F. Isbell
Garrett A. Nail
Thompson Hine LLP
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326
john.isbell@thompsonhine.com; garrett.nail@thompsonhine.com

**This** 23rd day of January, 2018.

/s/ Devin B. Phillips
Devin B. Phillips
Georgia Bar No.: 189782

# EXHIBIT "A"

**IT IS ORDERED as set forth below:**

Date: January 12, 2018



_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHITTRANJAN "CHUCK" THAKKAR AND DCT SYSTEMS GROUP LLC, | ADVERSARY PROCEEDING NO. 17-5248-WLH |
| Plaintiffs, | BANKRUPTCY CASE NO. 15-58440-WLH |
| v. | |
| BAY POINT CAPITAL PARTNERS, LP, BAY POINT ADVISORS LLC, CHARLES ADROS, JOHN DOE 1, AND JOHN DOE 2, | REMOVED FROM SUPERIOR COURT OF FULTON COUNTY, GEORGIA CASE NO. 2017-CV-294607 |
| Defendants. | |

## ORDER

**THIS MATTER** is before the Court on the Motion for Judgment on the Pleadings (Doc. No. 4) (the "Motion") filed by Bay Point Capital Partners, LP, Bay Point Advisors LLC, and Charles Andros (collectively the "Movants"). The Court has jurisdiction over this action

1

pursuant to 28 U.S.C. §§ 157 and 1334.  For the reasons stated below, the Court will grant the Motion.

**I.    FACTS**

Mr. Thakkar and affiliated entities obtained loans from Wells Fargo.  On May 4, 2015, five companies affiliated with Mr. Thakkar filed chapter 11 bankruptcy: Bay Circle Properties LLC; DCT Systems Group LLC ("DCT"); Sugarloaf Centre LLC; Nilhan Developers LLC; and NRCT LLC (collectively the "Debtors").  The cases are being jointly administered under case number 15-58440-WLH, In re Bay Circle Properties, LLC.

Debtors owed over $11 million to Wells Fargo.  On November 18, 2015, Mr. Thakkar and Wells Fargo entered into a settlement agreement regarding the unpaid loans (the "Settlement Agreement").  Under the terms of the Settlement Agreement, Debtors were required to repay the outstanding balance on loans and to execute deeds in lieu of foreclosure as to real property at 5100 and 5150 Peachtree Industrial Boulevard, Norcross, Georgia (the "Property").  The deeds in lieu were transferred to Wells Fargo to be held in escrow.  The maturity date of the Settlement Agreement was May 1, 2017, though the Settlement Agreement provided for a five business day cure period.  A First Amendment to Settlement Agreement was entered on January 8, 2016, and the Court approved the Settlement Agreement on January 13, 2016.  A Second Amendment to Settlement Agreement was dated April 7, 2016.

Pursuant to a Loan Purchase and Sale Agreement, dated March 24, 2016, Bay Point Capital Partners LP ("Bay Point CP") acquired the loans from Wells Fargo.  Plaintiffs paid Bay Point CP in part, and approximately $2.7 million remained outstanding.

Bay Point CP filed a notice of default on May 2, 2017 stating that, per the terms of the Settlement Agreement, it intended to record the deeds in lieu of foreclosure.  The Court held a status conference on the notice on May 5, 2017.  That same day, DCT filed a Motion to Compel

2

Bay Point CP to Accept Payoff. The Court heard the matter on an expedited basis on May 8, 2017. Following the hearing, the Court entered an order in which it ordered that the DCT did not waive its state law right to tender funds to Bay Point CP even after default; that Bay Point CP's right to record the deeds in lieu would become effective at 5:01 p.m. on May 9, 2017; and that DCT could tender payment in full to Bay Point CP, and Bay Point CP was directed to accept such tender, as long as it was made in full and unconditionally prior to Bay Point CP's recording of the deeds in lieu. Bankr. Doc. No. 694.

> The Court also entered an order lifting the automatic stay as to the Property, stating:
>
> Except as provided below, pursuant to Section 362(d)(1) of the Bankruptcy Code, the automatic stay imposed by 11 U.S.C. § 362 is lifted as to Bay Point "for cause" for all purposes with respect to the real property and improvements located at 5100 and 5150 Peachtree Industrial Boulevard, Norcross, Georgia (and also with respect to any personal property located thereon, to the extent necessary to take possession of the real property);
>
> Bay Point is hereby authorized to exercise (in Bay Point's sole discretion) any and all rights and remedies Bay Point has under the Loan Documents, the Settlement Agreement as amended and revised by agreement or order, the Approval Order, and applicable law, including, without limitation, the right to pursue foreclosure rights and remedies (including, but not limited to, conducting sales under power and confirming such sales), with respect to the real property commonly known as 5100 and 5150 Peachtree Industrial Boulevard, Norcross Georgia.

Bankr. Doc. No. 692.

Bay Point CP recorded the deeds in lieu as to the Property and advertised the Property for foreclosure sale in July 2017. The foreclosure notice incorrectly stated the date of the July sale, and Bay Point CP cancelled the sale. Bay Point CP re-advertised the foreclosure sale for September 5, 2017. On September 3, 2017, counsel for DCT sent a letter via electronic mail to counsel for Bay Point CP stating, "I am writing to you to make a tender of the remaining amounts owed" to Bay Point CP by DCT. The letter further provided that DCT intended to tender $2.8 million, which was in escrow. Counsel wrote:

3

> DCT has arranged for and tenders the sum of $2,800,000 in complete and final payment of the debt owed by it to Bay Point and the release of all other collateral. . . . I can confirm to you that the sum of $2,800,000 is in escrow to be tendered on behalf of DCT and such sum cane (*sic*) be remitted to Bay Point upon receipt of written acknowledgement that it will accept this tender.

Verified Compl. Ex. A at 1 (Doc. No. 1 at 49). On September 5, 2017, Mr. Thakkar appeared at the foreclosure sale and read the terms of the September 3 offer letter. Mr. Thakkar did not produce any funds. Bay Point CP conducted the foreclosure sale and credit bid $2.85 million.

Mr. Thakkar filed a complaint in the Superior Court of Fulton County, Georgia on August 25, 2017. Plaintiffs filed a Verified First Amended Complaint on September 13, 2017 (the "Verified Complaint"), asserting the following claims: breach of duty of good faith, wrongful foreclosure, conversion, attorney's fees, prejudgment interest, and punitive damages.[1]

Movants filed a notice of removal on September 27, 2017, initiating this adversary proceeding. On October 13, 2017, Movants filed an answer. That same day, Movants filed the Motion. Plaintiffs responded, and Movants filed a reply brief in support of the Motion.

## II.    JUDGMENT ON THE PLEADINGS STANDARD

Bankruptcy Rule 7012(b) makes Federal Rule 12(c) applicable in adversary proceedings. Civil Rule 12(c), regarding judgment on the pleadings, provides: "After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). If no counterclaim or cross-claim is included in the answer, the pleadings will consist of the complaint and the answer and will then be closed. After closing of the pleadings, any party may make a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c).

Judgment on the pleadings is appropriate when no material facts are in dispute and, considering the substance of the pleadings and judicially noticed facts, the moving party is

---

[1] Plaintiffs also asserted, but contend that they will dismiss, the following claims at Counts II, III and IV: civil conspiracy, promissory estoppel, and fraudulent or negligent representation. Based on Plaintiffs' representations that they will voluntarily dismiss these claims, the Court does not consider them below.

4

Case 17-05248-wlh    Doc 8    Filed 01/12/18    Entered 01/12/18 12:10:31    Desc Main
Document    Page 5 of 14

entitled to judgment as a matter of law. Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002); Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." Hughes v. Tobacco Inst., Inc., 278 F.3d 417, 420 (5th Cir. 2001) (citations omitted). Although the court must accept the factual allegations in the pleadings as true, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

In considering a motion for judgment on the pleadings, the court generally cannot consider matters outside the pleadings without converting the motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). However, under the Federal Rules of Civil Procedure, exhibits are part of the pleading "for all purposes." Fed. R. Civ. P. 10(c); *see* Griffin Indus. v. Irvin, 496 F.3d 1189, 1205 (11th Cir. 2007). Therefore, a court deciding a Rule 12(c) motion can consider all exhibits attached to the pleadings and materials referred to without converting it into a Rule 56 summary judgment motion. 5C Fed. Practice and Procedure Civil § 1371 (3rd ed.). In considering a Rule 12(c) motion, a court may also take judicial notice of matters of public record without converting the motion into one for summary judgment. U.S. v. Wood, 925 F.2d 1580, 1582 (7th Cir. 1991).

### III.  ANALYSIS

#### a. Count I: Breach of Duty of Good Faith

Plaintiffs allege that Defendants violated the duty of good faith inherent in all contracts by choosing to foreclose instead of pursuing other remedies. Movants contend that they are entitled to judgment on the pleadings because Georgia does not recognize an independent cause of action for violation of a good faith duty in the performance of a contract. Movants also contend that they did not violate the duty of good faith because they not only followed the

5

Settlement Agreement and related loan documents, but they also sought for and received Court approval to foreclose. The Court finds that judgment on the pleadings for Movants is appropriate because, under Georgia law, there is no independent cause of action for a breach of the duty of good faith.

The implied covenant of good faith and fair dealing in performing a contract has a basis in both statutory and common law. Stuart Enters. Int'l, Inc. v. Peykan, Inc., 555 S.E.2d 881 (Ga. App. 2001). The Uniform Commercial Code establishes a duty of good faith in performance for contracts governed thereunder, and there is a general statutory requirement to perform substantially within the spirit and letter of a contract. O.C.G.A. § 11-1-203; § 13-4-20; Flynn v. Gold Kist, Inc., 353 S.E.2d 537 (Ga. App. 1987). There is also a common law duty to diligently and in good faith seek to comply with all portions of the terms of a contract. See Brack v. Brownlee, 273 S.E.2d 390 (Ga. 1980); Smithloff v. Benson, 17328 S.E.2d 759 (Ga. App. 1985).

In contracts governed by the UCC, the failure to act in good faith in performing a contract does not create an independent cause of action. See Greenwald v. Columbus Bank & Tr., 492 S.E.2d 248 (Ga. App. 1997); Lake Tightsqueeze, Inc. v. Chrysler First Fin. Svcs. Corp., 435 S.E.2d 486 (Ga. App. 1993). Likewise, the common law requirement of good faith and fair dealing in the performance of a contract does *not* create an independent cause of action apart from breach of contract. As the Georgia Court of Appeals has explained, "[t]he implied covenant of good faith modifies, and becomes part of, the provisions of the contract itself. As such, the covenant is not independent of the contract." Stuart, 555 S.E.2d at 884; *see also* Alan's of Atlanta, Inc. v. Minolta Corp., 903 F.2d 1414, 1429 (11th Cir. 1990) (ruling an implied covenant of good faith is not an independent, actionable contract term under Georgia law). Thus, an allegation of breach of good faith *must* be related to a provision of the contract. See Tart v.

6

IMV Energy Sys. of Am., Inc., 374 F. Supp. 2d 1172, 1182 (N.D. Ga. 2005); *see also* OnBrand Media v.Codex Consulting, Inc., 687 S.E.2d 168, 174 (Ga. App. 2009).

For example, in Sheppard v. Bank of Am., NA, 542 F. App'x 789, 792-93 (11th Cir. 2013), the court found that the plaintiff failed to state a plausible claim for relief for breach of contract and, accordingly, for breach of the implied covenant of good faith and fair dealing. The court explained that the elements for a breach of contract claim in Georgia are: (1) the breach and (2) the resultant damages (3) to the party who has the right to complain about the contract being broken. Id. (citing UWork.com, Inc. v. Paragon Techs., Inc., 740 S.E.2d 887, 893 (Ga. App. 2013)). The court found that the plaintiff had not explicitly pleaded a claim for breach of contract. The court noted that the complaint contained nothing more than "a statement of facts that merely creates a suspicion of a legally cognizable right of action." Id. at 793. The court explained that absent a specific, actionable breach of contract claim, a claim for breach of the implied duty of good faith must fail. The court concluded that, because the plaintiff failed to allege a plausible claim for breach of contract, the plaintiff also failed to state a claim for breach of the implied covenant of good faith. Id.

Plaintiffs fail to allege that Bay Point CP acted outside of the express terms of the heavily negotiated Settlement Agreement. As Plaintiffs themselves note, Bay Point CP had discretion under the Settlement Agreement to choose from the foregoing possible remedies after an event of default. Verified Compl. ¶ 56 (citing Settlement Agreement, p. 23 ¶ 13.A). Not only did the Settlement Agreement contemplate and permit the lender to exercise its discretion to foreclose, but the Court also entered an order lifting the automatic stay as to the Property. The order lifting the stay specifically authorized Bay Point CP to move forward with its rights and remedies as to the Property, providing:

7

> Bay Point is hereby authorized to exercise (in Bay Point's sole discretion) any and all rights and remedies Bay Point has under the Loan Documents, the Settlement Agreement as amended and revised by agreement or order, the Approval Order, and applicable law, including, without limitation, the right to pursue foreclosure rights and remedies (including, but not limited to, conducting sales under power and confirming such sales), with respect to the real property commonly known as 5100 and 5150 Peachtree Industrial Boulevard, Norcross Georgia.

Bankr. Doc. No. 692. The terms of the order specifically permitted Bay Point CP to exercise any and all rights and remedies it had under the Settlement Agreement, including the right to foreclose.

Plaintiffs do not explain how Bay Point CP breached the Settlement Agreement and they do not point to a specific contractual obligation that was breached. Further, the Court's previous order expressly permitted Bay Point CP to exercise such a remedy. The Verified Complaint does not allege the elements of a plausible claim for breach of contract. Absent a specific, actionable breach of contract claim, Plaintiffs' claim for breach of the implied duty of good faith fails. Therefore, Movants are entitled to judgment as a matter of law on Count I of the Verified Complaint.

    b. <u>Count V: Wrongful Foreclosure</u>

Plaintiffs contend that the September foreclosure sale was wrongful because they had tendered full payment to Bay Point CP prior to the sale and that Bay Point CP refused the valid tender of payment in full. Movants state that the purported tender was neither proper nor timely. The Court finds that Plaintiffs failed to provide a proper tender of the debt due to Bay Point CP and that, accordingly, their claim for wrongful foreclosure fails and Movants are entitled to judgment as a matter of law on Count V of the Verified Complaint.

Under Georgia law, before a plaintiff is entitled to equitable relief, the plaintiff "must do equity and give effect to all equitable rights in the other party respecting the subject-matter of the suit." <u>Sapp v. ABC Credit & Inv. Co.</u>, 253 S.E.2d 82 (Ga. 1979). Georgia law requires that a

8

party first tender the amount due under the note and security deed before seeking the equitable remedy of wrongful foreclosure. See Edward v. BAC Home Loans Serv., L.P., 534 F. App'x 888, 892 (11th Cir. 2013) (citing Taylor, Bean & Whitaker Mortg. Corp. v. Brown, 276 Ga. 848, 583 S.E.2d 844, 846 (Ga. 2003) ("Under Georgia law, a debtor who executes a security deed and defaults on a loan cannot enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan.")); Smith v. Citizens & S. Fin. Corp., 268 S.E.2d 157 (Ga. 1980) (holding that owners who did not tender indebtedness secured by deed to secure debt were not entitled to set aside sale under power).

"In order to constitute a proper tender, the tender must be certain and unconditional, and be in full payment of the specific debt." Edward, 534 F. App'x at 892 (citing O.C.G.A. § 13-4-24). Georgia law has consistently held that a mere proposal to pay money, with no offer of cash, does not constitute a valid tender. See Angier v. Equitable Bldg. & Loan Ass'n, 35 S.E. 64, 64 (Ga. 1900) ("There was nothing more than a bare offer or proposition to pay. Nothing was in fact tendered. A proposition to pay and a tender are by no means the same thing. The former may exist without any element of the latter."). As the Eleventh Circuit Court of Appeals has explained, under Georgia law, "[a] written proposal to pay money, with no offer of the cash, is not a tender." Edward, 534 at 892; see also In re Lemming, 532 B.R. 398, 408-09 (Bankr. N.D. Ga. 2015) (explaining that, under non-bankruptcy law, a lien is generally terminated upon tender of payment but tender must be made with money in hand to be effective; a written proposal to pay money, without cash, is not a tender). Thus, a letter that offers to tender a payment on an obligation, without actually including the payment funds, is not a valid tender.

For example, in Edward v. BAC Home Loans Servicing, L.P., 534 F. App'x 888 (11th Cir. 2013), the Eleventh Circuit affirmed the district court's dismissal of a complaint alleging wrongful foreclosure where the plaintiffs sent a notice to the lender offering to tender payment of

9

$305,500 without including actual money with the letter. Instead, the plaintiffs offered to tender payment by bank transfer, check, money order, or any other preferred form at a future meeting. The court found that the written offer to tender a payment was not a valid tender under O.C.G.A. § 13-4-24. Id. at 892. As such, the plaintiffs could not assert a wrongful foreclosure claim. Id.

Similarly, in Davenport v. Bank of Am., N.A., No. 1:13-cv-4025-AT, 2014 U.S. Dist. LEXIS 189332 (N.D. Ga. Aug. 4, 2014), the district court found that a written proposal to pay money, without actually producing the money, was not a tender. In Davenport, the plaintiff responded to a foreclosure notice by mailing correspondence titled "Tender of Payment/Release of Security" with a copy of a certified check payable to the bank. The court found that, while plaintiff mailed a copy of a certified check for the outstanding balance of the note, he did not actually produce funds. The court explained, "[p]roviding a copy of a certified check to a creditor is simply not equivalent to producing the actual check. By not providing the actual cashier's check, the plaintiff failed to effect a valid tender." Id. at *8. The court concluded that because plaintiff failed to provide a valid tender, his claims for wrongful foreclosure, conversion, and "mental distress damages," which relied on allegations that defendants impermissibly rejected plaintiff's tender, should be dismissed. Id. at *8-9.

The Court finds that Plaintiffs failed to effect a valid tender. Plaintiffs "offered" to tender $2.8 million to Bay Capital CP by letter on September 3, 2017, and again by reading the terms of the letter at the foreclosure sale on September 5, 2017. However, they did not actually produce certified funds or cash. Instead, Plaintiffs stated the funds were held in escrow and readily available. Plaintiffs never presented any proof that the funds were in escrow. Likewise, Plaintiffs never disclosed the terms upon which the funds would be released from escrow. Further, the release of funds to Bay Point CP was conditioned on receipt of a written acknowledgment that Bay Point CP will accept the tender. Just as providing a copy of a certified

10

Case 17-05248-wlh    Doc 8    Filed 01/22/18    Entered 01/22/18 12:10:31    Desc Main
Document    Page 15 of 18

check is not the same as producing the actual check, stating that funds are in an attorney's escrow account is not the same as providing actual funds. Because Plaintiffs failed to provide a valid tender, Plaintiffs' wrongful foreclosure claim fails and judgment should be entered as a matter of law for Movants on Count V.

      c. <u>Count VI: Conversion of DCT's Personal Property</u>

Plaintiffs state that several items of DCT's personal property remain in the Property and that Bay Point CP has wrongfully taken possession of the personal property. Movants state that Plaintiffs' conversion claim fails as a matter of law because Plaintiffs have not shown title to the property and have not demanded that the property be returned. The Court finds Plaintiffs failed to plead the elements of conversion under Georgia law and that Movants are therefore entitled to judgment as a matter of law on Count VI of the Verified Complaint.

Conversion consists either of an unauthorized assumption and exercise of the right of ownership over personal property belonging to another in hostility to his rights, an act of dominion over the personal property of another inconsistent with his rights, or an unauthorized appropriation. <u>Parris Props., LLC v. Nichols</u>, 700 S.E.2d 848, 858 (Ga. App. 2010) (internal citations omitted). Thus, any distinct act of dominion and control wrongfully asserted over another's personal property, in denial of his right or inconsistent with his right, constitutes conversion. <u>Id.</u> Georgia law, O.C.G.A. § 51-10-1, provides that "[t]he owner of personalty is entitled to its possession. Any deprivation of such possession is a tort for which an action lies." <u>Washington v. Harrison</u>, 682 S.E.2d 679, 682 (Ga. App. 2009) (citing OCGA § 51-10-1). This statute embodies the common law action of trover and conversion. <u>Id.</u>; <u>Grant v. Newsome</u>, 411 S.E.2d 796, 797 (Ga. App. 1991).

To establish a claim for conversion under Georgia law, a plaintiff must show: 1) title to the property or the right of possession, 2) actual possession in the other party, 3) demand for

11

return of the property, and 4) refusal by the other party to the return the property. Metzger v. Americredit Fin. Svcs., 615 S.E.2d 120, 122 (Ga. App. 2005) (citing Johnson v. First Union Nat. Bank, 567 S.E.2d 44 (Ga. App. 2002)).

The Verified Complaint fails to establish a plausible claim for relief for conversion. First, Plaintiffs fail to identify the property at issue and do not allege facts to show that they have title to the property or the right of possession. Plaintiffs simply state, "There are several items of DCT's personal property that remain in the [P]roperty," Verified Compl. ¶ 96, without specifying what items remain in the Property and that DCT has title to the items.[2] Second, Plaintiffs do not allege that Movants ever had actual possession of the property at issue. Third, Plaintiffs do not allege that they demanded the return of the personal property. As such, the demand requirement necessary to support a claim for conversion has not been met. Finally, Plaintiffs do not allege that Movants refused to return personal items.

The Court finds that Plaintiffs failed to plead the necessary elements of conversion under Georgia law and, accordingly, Movants are entitled to judgment as a matter of law on Count VI of the Verified Complaint.

        d. Counts VII, VIII, and IX: Attorney's Fees, Prejudgment Interest, and Punitive Damages

In the final counts of the Verified Complaint, Plaintiffs allege that Defendants are liable for attorney's fees, prejudgment interest, and punitive damages.

Where a complaint fails to state a claim for equitable relief or wrongful foreclosure, related claims for attorney's fees and punitive damages are also subject to dismissal. See e.g., Owens v. Bank of Am. N.A., No. 3:15-cv-00065-TCB-RGV, 2015 U.S. Dist. LEXIS 180768, at *23 (N.D. Ga. Dec. 4, 2015); Puissant v. Bank of Am. Home Loan Serv., No. 5:12-CV-388-

---

[2] As Plaintiffs point out, this is inconsistent with the position taken by DCT at the hearing on September 19, 2017, on whether DCT was holding over at the Property.

12

MTT, 2013 U.S. Dist. LEXIS 171396, at *20 (M.D. Ga. Dec. 5, 2013) (granting defendant's motion for judgment on the pleadings where the amended complaint failed to state a claim for relief of wrongful foreclosure and, accordingly, for attorney's fees and punitive damages).

Because Plaintiffs fail to state a plausible claim for breach of the duty of good faith, wrongful foreclosure, and conversion, the related claims for attorney's fees, prejudgment interest, and punitive damages also fail. Accordingly, Movants are entitled to judgment as a matter of law on counts VII, VIII, and IX of the Verified Complaint.

### IV.    CONCLUSION

For the reasons stated above, the Court finds there are no material facts in dispute and Movants are entitled to judgment as a matter of law. Accordingly,

**IT IS ORDERED** that the Motion is **GRANTED.**

**IT IS ORDERED FURTHER** that Plaintiffs shall dismiss Counts II, III and IV of the Complaint within 10 days, as they represented in their Response to the Motion.

**END OF DOCUMENT**

13

**DISTRIBUTION LIST**

Chittranjan (Chuck) Thakkar
6050 Peachtree Industrial Blvd.
Norcross, GA 30071

DCT Systems Group, LLC
6100 Peachtree Industrial Blvd
Norcross, GA 30071

Eric J. Nathan
Devin B. Phillips
Weener & Nathan, LLP
5887 Glenridge Dr NE, Suite 275
Atlanta, GA 30328

Garrett A. Nail
Thompson Hine, LLP
Suite 1600, Two Alliance Center
3560 Lenox Road
Atlanta, GA 30326

14